NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTINE KURK,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>LOS RIOS CLASSIFIED EMPLOYEES ASSOCIATION; et al.,<br><br>　　　　　Defendants-Appellees,<br><br>　and<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 620; et al.,<br><br>　　　　　Defendants. | No. 21-16257<br><br>D.C. No. 2:19-cv-00548-KJM-DB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted August 17, 2022**

Before:　　S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Kristine Kurk appeals from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging a First Amendment claim arising out of union membership dues paid to Los Rios Classified Employees Association ("union"). We have jurisdiction under 28 U.S.C § 1291. We review de novo cross-motions for summary judgment. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Kurk's First Amendment claim for damages because Kurk's continued union membership and the deduction of union membership dues arose from the private membership agreement between the union and Kurk, and "private dues agreements do not trigger state action and independent constitutional scrutiny." *Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021) (discussing state action); *see id*. at 950-52 (concluding that the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not extend a First Amendment right to avoid supporting the union and paying union dues that were agreed upon under voluntarily entered membership agreements); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (discussing mutual assent).

Kurk's claims for prospective relief are moot. Kurk is no longer a member of the union, defendants stopped deducting union membership dues or enforcing

the challenged statutes, and defendants demonstrated that they are unlikely to rescind the policy changes. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189-90 (2000) (explaining voluntary cessation and mootness); *Bain v. Cal. Teachers Ass'n*, 891 F.3d 1206, 1211-14 (9th Cir. 2018) (explaining that plaintiffs' claims for prospective relief were moot when they resigned their union membership and presented no reasonable likelihood that they would rejoin the union in the future); *cf. Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (explaining that the mere existence of a proscriptive statute does not create a constitutionally sufficient direct injury).

**AFFIRMED.**